UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AARON EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 12-CV-3255 |
| | ) |
| JEFF ROYER, et al., | ) |
| | ) |
| Defendants. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in the Sangamon County Jail, pursues claims arising from his arrest and pending state court criminal proceedings. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be

1

granted." The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).

Plaintiff alleges that Defendant Royer, a Springfield police officer, used excessive force against Plaintiff on June 28, 2012, falsely arrested Plaintiff, and filed a false police report which resulted in charges against Plaintiff for aggravated assault, unlawful possession of a weapon by a felon, and armed violence. The criminal charges are pending in Sangamon County Circuit Court, with a trial date set for October 28, 2012. State of Illinois v. Aaron Edwards, 2012-CF-000559, 10/1/12 docket entry (Sangamon County Circuit Court). For his relief, Plaintiff asks that his state court criminal case be transferred to federal court because Plaintiff does not believe he will receive a fair trial in state court.

In addition to Defendant Royer, Plaintiff names as defendants the Springfield Chief of Police, the shift commander at the Springfield Police Department, Judge Leo Zappa, Big Muddy Correctional Center, the assistant public defenders assigned to Plaintiff's state case, and the Chief

Public Defender.

A federal court does not have the authority to transfer Plaintiff's state court criminal case to federal court. Nor can this Court interfere in Plaintiff's pending state criminal proceedings on the grounds that Plaintiff believes he will not receive a fair trial. <u>Younger v. Harris</u>, 401 U.S. 37, 43 (1971)("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts.").

To the extent that Plaintiff pursues damages, Plaintiff does state a claim against Defendant Royer for false arrest and excessive force incident to arrest, both Fourth Amendment claims. However, these claims may need to be stayed pending resolution of Plaintiff's criminal proceedings. <u>Simpson v. Rowan</u>, 73 F.3d 134 (7th Cir. 1995)(staying claims for false arrest and unlawful search pending appeal of plaintiff's murder conviction). Further, if Plaintiff is convicted of armed violence and aggravated assault, Plaintiff's claim for excessive force may be barred or limited if the facts underlying the excessive force claim imply the

invalidity of Plaintiff's conviction. Moore v. Mahone, 652 F.3d 722 (7th Cir. 2011)(a prisoner cannot pursue a civil rights action which challenges findings in his criminal case, because doing so is effectively a challenge to his conviction); Brown v. City of Chicago, 599 F.3d 772 (7th Cir. 2010)(collateral estoppel barred excessive force claim by shooting victim where victim had been convicted of aggravated assault and unlawful use of a weapon arising from incident). These determinations must await a more developed record.

Plaintiff states no claim against Defendant Royer for filing a false report which caused prosecutors to bring false charges. These allegations essentially pursue a state law malicious prosecution claim, which requires termination of the criminal proceedings in Plaintiff's favor. Kunz v. DeFelice, 538 F.3d 667, 682 (7th Cir. 2008)(*citing* Swick v. Liautaud, 169 Ill.2d 504 (1996)). Plaintiff's criminal proceedings have not yet terminated in his favor.

Plaintiff states no claims against the other Defendants. Defendant Royer's supervisors cannot be liable for Royer's constitutional violations

solely because they are supervisors. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). Judge Zappa is absolutely immune from civil actions based on his rulings in Plaintiff's state case. Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011)("A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction."). The public defenders are not considered government actors, and therefore cannot be sued for alleged constitutional violations. Polk County v. Dodson, 454 U.S. 312 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Lastly, Defendant Big Muddy Correctional Center is not a suable entity, and, in any event, Plaintiff states no allegations against Illinois Department of Corrections officials.

IT IS THEREFORE ORDERED:

    1) The merit review scheduled for November 5, 2012 is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

    2) Pursuant to its merit review of the Complaint under 28 U.S.C. §

1915A, the Court finds that Plaintiff states a federal constitutional claim against Defendant Royer for false arrest and excessive force in arrest. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    3) Defendants Williams, Hearn, Zappa, Big Muddy Correctional Center, Joseph Miller, Lindsay Evans, and Robert Scherschlight are dismissed for the reasons set forth above.

    4) The Clerk is directed to send to Defendant Royer pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

    5)  If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to serve that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule

of Civil Procedure 4(d)(2).

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for serving said Defendant. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and Plaintiff shall also file a

certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be struck by the Court.

9) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on December 17, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ will issue for Plaintiff's presence unless directed by the Court.

11) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

12) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: October 29, 2012

FOR THE COURT:

                                   s/Sue E. Myerscough  
                                   SUE E. MYERSCOUGH  
                                   UNITED STATES DISTRICT JUDGE